IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOUBIN RAHIMI,

                Plaintiff,

v.

NINTENDO OF AMERICA, INC.,

                Defendant.

NO. C12-6351 TEH

ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND DENYING AS MOOT MOTION FOR TEMPORARY STAY

      Presently pending before the Court is a motion by Defendant Nintendo of America, Inc. ("Nintendo") to compel Plaintiff Joubin Rahimi to arbitrate the claims raised in his complaint in accordance with the Federal Arbitration Act ("FAA"). Nintendo has also filed a motion asking the Court to temporarily stay proceedings pending the resolution of its motion to compel arbitration. For the reasons that follow, the Court grants Nintendo's motion to compel arbitration and denies as moot its motion for a temporary stay.

**BACKGROUND**

      The relevant facts of this case, undisputed for purposes of the present motion, are as follows:

      Rahimi purchased a Wii U video game system at a Best Buy store in California on November 28, 2012. The Wii U's controller rattled and emitted noise, thereby "impeding the gaming experience." Compl. ¶ 1 (Docket No. 1). Unsatisfied with his purchase, Rahimi returned the game system two days later, on November 30, 2012, in accordance with Best Buy's return policy, and obtained a replacement Wii U from the same store. The controller of the replacement unit also rattled, and on December 12, 2012, Rahimi returned it to Best Buy, also in accordance with the return policy, and exchanged it for a third unit. Rahimi's

complaint was filed on December 14, 2012, two days after he obtained the third Wii U unit.[1]

Printed on the packaging of the Wii U units that Rahimi purchased was a notice labeled "IMPORTANT!" that stated, in pertinent part, that "By using your Wii U system, you accept the license agreement available at http://support.nintendo.com/wii/eula." The web site to which the notice on the packaging directs consumers contains the Wii U's End User License Agreement ("EULA").

Before playing a game on the Wii U, a user must complete a series of initial setup steps. During the setup process, users are presented with the complete text of the EULA in scrollable format. An "Agree" button is displayed on the same screen as the EULA's text. In order to continue with set up and before playing any games, a user must select "Agree." Rahimi selected "Agree" during set up of each of his Wii U units and used each unit to play games.

Nintendo now moves to compel Rahimi to arbitrate the claims set forth in his complaint in accordance with a binding arbitration provision contained in the Wii U EULA.

**DISCUSSION**

As "a contract evidencing a transaction involving commerce," the EULA is subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2. The FAA provides that any arbitration agreement within its scope "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Id*. Under the FAA, a party "aggrieved by the alleged . . . refusal of another to arbitrate" may file a petition in federal district court for an order compelling arbitration in the manner provided for in the agreement. *Id*. § 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to

---

[1] Rahimi alleges that the third Wii U unit had the same rattling problem, but Rahimi does not allege that he returned it, and does not contend that he is exempt from the EULA's arbitration provision with respect to that unit.

2

arbitration" on issues with respect to which a valid arbitration agreement exists. *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). If a valid agreement to arbitrate the disputes at issue exists, then "the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp. v. Ortho Diagnostic Sys.*, *Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

In interpreting an arbitration agreement such as the one contained in the Wii U EULA, courts apply ordinary state-law principles of contract interpretation. *Id*. at 1130. Under California law, which applies in the present case, courts look first to the language of the contract itself. *See* Cal. Civil Code § 1638 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity."). In examining a contract's terms, "[t]he whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other." *Id.* at § 1641.

Nintendo argues that Rahimi is required to arbitrate his claims because he is bound by the Wii U EULA, which requires that the claims laid out in Rahimi's complaint be finally settled by binding arbitration. The introductory section of the EULA specifies that by using the Wii U, a purchaser agrees to be bound by the EULA. That section reads, in full, as follows:

> This is an agreement between you and Nintendo of America Inc. (together with its affiliates, "Nintendo" or "we" or "our") and provides important information about your Wii U. Please read this agreement carefully before using your Wii U. By using your Wii U, you are agreeing to be bound by the terms of this agreement. If you do not agree to the terms of this agreement, you may return your Wii U for a refund in accordance with the applicable return policy.

Exh. C to Lang Dec. (Docket No. 11).

Section 6 of the Wii U EULA governs dispute resolution. It provides, in relevant part:

> Any matter we are unable to resolve [through our customer service department] and all disputes or claims arising out of or relating to this Agreement, including its formation, enforceability, performance, or breach . . . shall be finally settled by binding arbitration administered by the American Arbitration Association. . . ."

3

*Id.* Section 6 also contains a provision setting out a process by which users may opt out of the EULA's binding arbitration provision. That provision reads as follows:

> **30-Day Right to Opt Out:** You have the right to opt out of the provisions of this Section 6 by sending written notice of your decision to opt out to the following address: Nintendo of America Inc., Attn: CS Admin, 4600 150th Ave NE, Redmond, WA 98052 within 30 days of purchasing your Wii U. Your notice should include the serial number, and if applicable, purchase receipt for your Wii U. If you send this notice, then Section 6 will not apply to either party. If you do not send this notice, then you agree to be bound by this Section 6.

*Id.*

Rahimi argues, based on the final sentence of the EULA's introductory paragraph, that the EULA's arbitration provision is not binding on him with respect to the first two Wii U systems that he purchased because he returned them in accordance with Best Buy's return policy. *See id.* ("If you do not agree to the terms of this agreement, you may return your Wii U for a refund in accordance with the applicable return policy.") Rahimi's argument takes this sentence out of context. The sentence that precedes it specifies that "[b]y using your Wii U, you are agreeing to be bound by the terms of this agreement," and Section 6 of the EULA contains instructions on how a user may opt out of the binding arbitration provision, even after agreeing to be bound by the EULA as a whole. When read so as to give full effect to all of its provisions, the EULA provides two options to Wii U purchasers who do not wish to be subject to binding arbitration: they may return the Wii U prior to using it, or they may send in an opt-out notice in accordance with the instructions provided in Section 6.

It is undisputed that, after selecting "Agree" on the start up screen, Rahimi used each of the Wii U systems that he purchased, and that he did not opt out of the EULA's binding arbitration provision by sending written notice to Nintendo as specified in Section 6. Rahimi therefore is bound by the terms of the EULA, including Section 6's requirement that disputes be settled by binding arbitration.

Rahimi argues, in the alternative, that he is entitled to a jury trial on the issue of whether a valid agreement to arbitrate exists between him and Nintendo. The

4

1  FAA provides that "the party alleged to be in default" may demand a jury trial if
2  "the making of the arbitration agreement . . . be in issue." 9 U.S.C. § 4. However,
3  the fact that Rahimi argues that he is not bound by the Wii U EULA's arbitration
4  provision does not suffice to put the making of the arbitration agreement "in issue"
5  within the meaning of 9 U.S.C. § 4. The "making of an arbitration agreement" is "in
6  issue" only if a material issue of fact exists as to the agreement's formation. *See*
7  *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.*, 925 F.2d 1136, 1141
8  (9th Cir. 1991); *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 358 (2d Cir.
9  1995). It is undisputed that Rahimi clicked "Agree" and used his Wii U to play
10 games, thereby agreeing to the terms of the EULA. The issue that Rahimi has raised
11 – whether the EULA's binding arbitration provision applies when an individual
12 returns the Wii U system in accordance with the applicable return policy – is not one
13 to be resolved by fact finding, but through interpretation of the EULA's terms.
14 Because the interpretation of the EULA is a question of law, not of fact, Rahimi's
15 demand for a jury trial under 9 U.S.C. § 4 is unavailing.

16      In sum, because Rahimi agreed to the terms of the EULA, used each Wii U
17 system he purchased, and did not submit written notice of his decision to opt out of
18 the EULA's arbitration provision, a valid agreement to arbitrate exists between him
19 and Nintendo. It is undisputed that the EULA's arbitration provision encompasses
20 the claims raised in Rahimi's complaint. The FAA therefore requires that the Court
21 direct the parties to proceed to arbitration of the issues raised in Rahimi's complaint.
22 *See Dean Witter*, 470 U.S. at 218; Exh. C to Lang Dec. (Docket No. 11).
23

24 **CONCLUSION**
25      For the reasons discussed above, IT IS HEREBY ORDERED that Nintendo's
26 motion to compel arbitration is GRANTED. The parties shall arbitrate their disputes
27 in accordance with the terms of the EULA. The proceedings in this action are
28 hereby STAYED pending completion of the arbitration. **Within seven days of the**

1 **completion of the arbitration or on June 24, 2013, whichever is sooner,** the
2 parties shall file a joint status statement or a stipulated dismissal of this case. If the
3 parties file a joint status statement, they shall file together with their statement a
4 proposed order specifying a deadline for filing a further status statement or
5 stipulated dismissal.
6     Nintendo's motion to temporarily stay proceedings pending resolution of its
7 motion to compel arbitration is DENIED as moot.

9 **IT IS SO ORDERED.**

11 Dated: 03/18/2013

               THELTON E. HENDERSON, JUDGE
               UNITED STATES DISTRICT COURT